GUS MENDE, Respondent, v. JACOB BRANDT, Appellant.— Action to recover damages for personal injuries sustained by plaintiff when struck and knocked down by an automobile owned and controlled by defendant. Appeal from a judgment for the plaintiff in the sum of $2,250, entered on a decision by the court without a jury. Judgment reversed on the facts and a new trial granted, costs to appellant to abide the event, unless within ten days from the entry of the order hereon plaintiff stipulate to reduce to $1,500 the amount of the judgment directed in his favor; in which event the judgment, as so reduced, is unanimously affirmed, without costs. We are of opinion that the amount awarded was excessive. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.

EDWARD MULLINS and JOSEPH F. DONOVAN, Appellants, v. PETER LARKIN, Respondent.— Action for damages for personal injuries arising as a consequence of the collision of two motor vehicles. Judgment for defendant unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ.

FRANK WILSON MUNDEN, an Infant, by ELIZA JANE MUNDEN, His Guardian ad Litem, WILLIAM J. MUNDEN, ELIZA JANE MUNDEN and FRANK WILSON MUN- DEN, Respondents, Appellants, v. HENRY McDANIEL, Respondent; JOSEPH P. SMITH and VICTOR EMANUEL, Conducting a Racing Stable under the Name of Dorwood Stables, Appellants, Respondents.— Action for recovery of damages for breach of an employment contract by an alleged wrongful discharge. Order dated May 4, 1936, modified by striking from the first and second ordering para- graphs everything after the words " granted thereon," and as so modified unani- mously affirmed, costs to abide the event of the new trial, which will proceed as to all four causes of action, without severance. Judgment vacated except in so far as it dismisses the complaint as to defendant McDaniel. The appeal by plaintiffs from so much of the judgment as dismisses the complaint as against defendant McDaniel has been discontinued by stipulation. The appeal from the order dated May 28, 1936, is dismissed. In our opinion, it was reversible error to exclude the proof offered by defendants in mitigation of damage as to money received after the discharge by the apprentice for riding winning horses, which was known as " stake " money. Inasmuch, however, as there was no obligation imposed upon the employer under the contract to permit the apprentice to ride horses in races, it is clear that his damages were limited to the express compensations and benefits contained in the contract, and that such damages should not include so-called " stake " money. Upon a retrial, we deem it advisable to point out that there is but a single cause of action set forth in this complaint. Further, that the existence of another outstanding contract for the services of the apprentice, concededly entered into by the plaintiffs and extending beyond the time of the dis- charge, would warrant such discharge were it not for the fact that the fair inference is that such contract was abandoned, at least a jury might so find. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.